IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS R. THOMAS,

      Plaintiff,

            v.

PARKWAY WEST CAREER AND
TECHNOLOGY CENTER, JACK
HIGHFIELD in his individual and official
capacity,

      Defendants.

12cv1867
**ELECTRONICALLY FILED**

### Memorandum Opinion on Motion to Dismiss (doc. no. 11)

**I.**    **Introduction**

This is an employment discrimination action. Plaintiff, who is a member of the United States Naval Reserves (hereinafter "the Reserves"), alleges that he was prematurely terminated and discriminated against in his employment as a carpentry teacher at Parkway West Career and Technology Center, in violation of his rights under the Uniformed Services Employment and Reemployment Rights Act of 1994 (hereinafter "USERRA"). 38 U.S.C. § § 4301-4305. Pending before this Court is Defendants' Motion to Dismiss pursuant to Fed. R. Civ. Pr. 12(b)(6) (doc. no. 11) primarily on the basis of issue preclusion, Plaintiff's Response in Opposition thereto (doc. no. 13), and Defendant's Reply Brief (doc. no. 19).

**II.**    **Standard of Review**

    **12(b)(6)**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556.

Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

### **12(b)(6) As Applied to Issue Preclusion**

"With respect to when a Court may consider the preclusive effect of a state court judgment, although issue preclusion is an affirmative defense, it may be raised in a motion to dismiss under Federal Civil Procedure Rule 12(b)(6)."  *M & M Stone Co. v. Pennsylvania*, 388 Fed. Appx. 156, 160-161 (3d Cir. 2010) (citing *Connelly Found. v. Sch. Dist. of Haverford Twp*., 461 F.2d 495, 496 (3d Cir.1972)).

In *M & M Stone Co. v. Pennsylvania*, the United States Court of Appeals for the Third Circuit has stated that:

> in reviewing a Rule 12(b)(6) motion, it is well-established that a court should 'consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 221 n. 3 (3d Cir.2004). In the context of deciding a Rule 12(b)(6) motion that raises issue preclusion concerns, and where a plaintiff has not included the existence or substance of the prior adjudications in the body of, or attachments to, its complaint, it is axiomatic that a court *must still consider the prior adjudication in order to determine whether issue preclusion bars that plaintiff's claims.* Thus, we have held that a prior judicial opinion constitutes a public record of which a court may take judicial notice.  We have also held, however, that a court may do so on a motion to dismiss only to establish the existence of the opinion, and not for the truth of the facts asserted in the opinion. *Id.* " '[A] court that examines a transcript of a prior proceeding to find facts converts a motion to dismiss into a motion for summary judgment.' " *Id*. (citation omitted).

*Id*. at 160-161 (emphasis added).

**III.     Factual Background**

Accepting the well-pleaded factual allegations as true for purposes of this discussion, the facts are as follows.  Plaintiff, Thomas R. Thomas, was a member of the Reserves and an employee of Parkway West Career and Technology Center (hereinafter "Defendant Parkway" or "Parkway").  Doc. No. 1 at ¶ 1.  Parkway is a public vocational school.  *Id*. at ¶2.  Defendant Jack Highfield was the Director of Parkway, acting within the scope of his employment.  *Id*. at ¶ 3.  Plaintiff was employed with Parkway as a carpentry teacher from 1997 to June 1, 2010.  *Id*. at ¶ 6.  During the entirety of his employment with Defendant Parkway, Plaintiff was a member of the Reserves and was deployed to active service from November 1, 2008 until October 9, 2009.  *Id.* at ¶ 7.  Following his return from active duty, Plaintiff notified Defendants of his intent to return to work, and he did return to work on January 19, 2010.  *Id*. at ¶ 8.

On May 13, 2010, Plaintiff received an "unsatisfactory" rating on a portion of his employment evaluation "purportedly" as a result of carpentry students performing poorly on the National Carpentry Occupational Competency Testing Institute Exam (hereinafter "NOCTI").  *Id*. at ¶ 10-11.

Plaintiff alleges that he had only taught students for six (6) weeks prior to them taking the exam, the remainder of the instruction having been given while Plaintiff was deployed on active duty with the Navy.  Plaintiff was given an "unsatisfactory" rating, he alleges, in retaliation for his service in the Navy and for his absence from work during that service.  *Id*. at ¶10-11

On June 1, 2010, Defendant Parkway curtailed its carpentry program.  *Id*. at ¶ 12-13.  On June 1, 2010, Defendant Parkway's Superintendent, Dr. Michael A. Panza, sent, by certified-mail, a letter to Plaintiff stating that Plaintiff would be furloughed from his position as of the 2010-2011 school year.  *Id*. at. ¶ 13;  Doc. No. 11-1.  Plaintiff alleges, and the attached letter

referencing that the provided reason for "curtailing" of the carpentry class was "due to a decline in enrollment." *Id.* at ¶13; Doc. No. 11-1. According to Plaintiff, Defendants actually removed four students from Plaintiff's carpentry class while he was deployed. Plaintiff avers that Defendant Parkway failed to follow "proper protocol" in curtailing the class, specifically: Defendant Parkway failed to contact the Pennsylvania Department of Education with respect to the planned furlough until, at the earliest, August 4, 2010 (two months after notifying Plaintiff of his impending termination). *Id*. at ¶ 11-13. When Plaintiff requested a reason for his furlough, Defendant Parkway informed Plaintiff that enrollment numbers for his class were diminished. Plaintiff avers then that the level of interest sheet was altered in order to support the furlough. Plaintiff, at the hearing conducted before his furlough (referenced in the Complaint and attached to Doc. No. 11-2), was shown a document which incorrectly reported his time out of the classroom for military leave.

Plaintiff claims that the reason for his "termination" (or "furlough") was based upon his service in the Reserves, and alleges that a guidance counselor for Defendant Parkway made at least one statement to the effect of "the military has ruined the construction wing." *Id*. at ¶ 20-21. According to Plaintiff, Defendant Parkway has "a history of furloughing members of the Armed Services, and curtailing their programs as justification for otherwise improper terminations of employment." *Id*. at ¶ 22.

Plaintiff appealed Defendant Parkway's decision and hearings were held on July 22, 2010, and May 23, 2011 before a hearing officer and special counsel to Parkway's Joint Operating Committee (hereinafter "the JOC.") Doc. No. 11- 3. At the conclusion of the hearing process, the JOC sustained the furlough in an Opinion and Decision dated August 2, 2011. Doc. No. 11-3.

Plaintiff then petitioned the Court of Common Pleas of Allegheny County pursuant to the Judicial Code, 42 Pa. C.S. § 933 and the Local Agency Law, 2 Pa. C.S. §§ 551-5, 751-4 for review of the JOC's adjudication. Plaintiff's petition, although technically filed *pro se*, was counseled because he was deployed and out of the country during that time. Doc. No. 11-4.

Once Plaintiff filed a Petition to Vacate Adjudication, Defendant Parkway filed an Answer to the Petition to Vacate Adjudication. Doc. Nos. 11-4 and 5. Plaintiff averred therein that the decision of the JOC was not supported by record evidence. Doc. No. 11-4 at ¶ 10.

Specifically, Plaintiff asserted, *inter alia*, that "[Defendant] based its decision on inaccurate data purporting to show a substantial decline in Carpentry enrollment when, in fact, such was not the case." Doc. No. 11-4 at ¶ 10(a). Plaintiff advanced 20 other arguments before the Court of Common Pleas. It is important to note that with the exception of the alleged statement by the guidance counselor, all of the other allegations and averments raised in the Complaint in this Court were previously brought forth by Plaintiff in this Petition to Vacate.

A hearing was held before the Honorable Michael A. Della Vecchia who entered an Order dated September 19, 2012, rejecting Plaintiff's arguments and ruling that the statutory appeal (titled a "Petition to Vacate") be dismissed. Doc. No. 11-5. No appeal was taken from the Order of Judge Della Vecchia. Instead, on December 21, 2012, Plaintiff filed suit in this Court alleging discrimination under USERRA.

## IV. Discussion

The doctrine of issue preclusion (also known as "collateral estoppel") has been in existence for over a hundred years. In *Southern Pacific Railroad v. United States*, 168 U.S. 1, 18 S.Ct. 18 (1897), a bulwark case solidifying the underpinnings of the doctrine of issue preclusion, Justice Harlan explained the following:

> [T]he general principle announced in numerous cases is that a right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

*Id*. at 48-49.

In *Migra v. Warren City Sch. District Bd. of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the United States Supreme Court addressed the doctrine of res judicata and explained the two preclusion principals, issue preclusion and claim preclusion, the former of which is applicable here.

While "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided, . . . [c]laim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* Simply put, "[i]ssue preclusion bars a second or successive litigation of an issue of fact or law that was actually litigated and resolved in an earlier litigation, even if the issue recurs in the context of a different claim." *Kligman v. I.R.S.,* 2010 WL 1659643, at * 3 (E.D. Pa. 2010)(citing *Taylor v. Sturgell*, 553 U.S. 880, 121 S.Ct. 2161, 2171 (2008)).

The United States Supreme Court, in *Montana v. United States*, 440 U.S. 147, 153-54, 99 S.Ct. 970 (1979), expounded that the purpose of precluding "parties from contesting matters that

7

they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

The federal courts have consistently accorded preclusive effect to issues first decided by state courts, and, thus "res judicata and collateral estoppel not only reduce unnecessary litigation and foster reliance on adjudication, but also promote the comity between state and federal courts that has been recognized as a bulwark of the federal system." *Allen v. McCurry*, 449 U.S. 90, 95–96, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); see also 28 U.S.C. § 1738 (providing that the rulings of state courts "shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such state . . . from which they are taken").

In determining the preclusive effect of a state court judgment, the Court applies the rendering state's law of issue preclusion. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 381-382, 105 S.Ct. 1327 (1985). Thus, whether Plaintiff's suit is precluded turns on the law of Pennsylvania.

Under Pennsylvania law, the following conditions must exist before issue preclusion may be invoked:

> (1) the issue decided in the prior adjudication was identical with the one presented in the later action;
>
> (2) there was a final judgment on the merits;
>
> (3) the party against whom the plea (estoppel) is asserted was a party or in privity with a party to the prior adjudication; and
>
> (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Shuder v. McDonald's Corp.*, 859 F.2d 266, 273 (3d Cir. 1988)(citations omitted).[1]

Applying the four (4) conditions of issue preclusion to the current case, after reviewing the factual allegations of the Complaint, and matters of public record over which this Court may take proper judicial notice, the Court finds that issue preclusion is applicable and bars the current claims in this Court. To prevail under the USERRA would necessitate Plaintiff demonstrating that Defendants did not have just cause to furlough him. According to the state court judgment, just cause for the furlough was the decline in course enrollment, and therefore, Plaintiff is unable to prove that Defendants' independent, non-discriminatory reason that caused his position to be eliminated, is a pretext. Issue preclusion bars Plaintiff from doing so.

First, as to whether the issue decided in the prior adjudication was identical to the one presented in this action, the Court finds that all of the issues raised in the Complaint before this Court were previously raised before both Judge Della Vecchia (and the JOC). The only new factual allegation is the alleged statement of a guidance counselor, who has no supervisory or managerial role within Defendant Parkway's organization, which by itself, is not sufficient to establish a plausible claim for employment discrimination under USERRA. Plaintiff argues that the issues are not identical because he is now challenging the "intent" of the decision to terminate his employment, whereas, in state court, he was challenging the "procedure." Doc. No. 13. However, the fact remains that the issue of whether Defendants had just cause to furlough him (or terminate him) has already been addressed by the state court. See Doc. No. 11-4. And, all of the 21 arguments made by Plaintiff are identical to the issues raised in this lawsuit.

---

[1] The United States Court of Appeals for the Third Circuit has addressed the requirements for issue preclusion under Pennsylvania law to require three (3) conditions, which are nearly identical to the four (4) conditions listed above: (1) the issues sought to be precluded are the same as those involved in the prior action; (2) the issues were actually litigated and determined by a final and valid judgment; and (3) the determination was essential to the prior judgment. *Peloro v. U.S.*, 488 F.3d 164, 174-75 (3d Cir. 2007).

Doc. No. 11-4 at 4-6. Under the *Twombly* and *Iqbal* standards, based upon the prior rulings of the state court, and the facts as plead, Plaintiff states no plausible claim for relief.

Second, there can be no legitimate dispute that the judgment was final, and on the merits.[2] On September 19, 2012, Judge Della Vecchia issued the Order, and the text of the Order states that he heard arguments thereon, reviewed all briefs, and the entire record in this matter, and even attempted to conciliate the matter on "various occasions." Doc. No. 11-6. Plaintiff took no appeal from this Order, and therefore, it became a final Order on the merits.

Third, and likewise, there can be no legitimate dispute that all parties are the same, or in privity. Plaintiff has added as a Defendant to this lawsuit, Jack Highfield, as the Director of Parkway, who was acting within the scope of his employment. Therefore, he is most certainly either a party, or in privity with Parkway, who was involved in the prior adjudication. *Jackson v. Dow Chemical Co.*,---F.Supp.2d---, 2012 WL 4510913 (E.D. Pa. 2012) (privity exists between employers and employee, where employees are being sued for actions arise out of their employment); *Salerno v. Corzine*, 449 Fed.Appx. 118, 122-23 (3d. Cir. 2011)(same).

Fourth, and finally, Plaintiff has had a full and fair opportunity to litigate the issues raised herein, in the prior proceedings. In fact, Plaintiff actually advanced the exact same arguments in his statutory appeal, and all where duly considered by the Court of Common Pleas. Merely by recasting previously raised (and dismissed) factual allegations as alleged "discrimination" under

---

[2] The Court notes that in Plaintiff's Response, he does not address the second, third and fourth conditions of issue preclusion, presumably because he does not challenge the contention that these three conditions are applicable. Doc. No. 13. Nonetheless, the Court has addressed each of the four factors.

the USERRA does not make it so, and the Court is unwilling to act as an appeals court for the rulings of the state court.[3]

**V.    Conclusion**

For all of these reasons, the Court will grant Defendants' Motion to Dismiss under Fed. R. Civ. Pr. 12(b)(6).[4]  Where, as here, amendment of the Complaint would be "clearly" futile, the Court will not provide an opportunity to amend.  *Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229 (E.D. Pa. 2012).   An appropriate order follows.

**SO ORDERED** this 22nd day of March, 2013.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel and Parties

---

[3] Although Defendants did not raise the *Rooker-Feldman* doctrine as a basis for finding that this Court lacks subject matter jurisdiction over this lawsuit (under Rule 12(b)(1)), the doctrine may be applicable. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996).  The *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction when entertaining a federal court claim would be the equivalent of an appellate review of a state court judgment.  Here, it appears that if this Court were to entertain the claims of Plaintiff's herein, the Court would be essentially exercising an impermissible appellate review of the Order of the Court of Common Pleas of Allegheny County and would effectively be required to void the state court rulings. *Rooker-Feldman* does not bar constitutional claims, so long as these claims are not inextricably intertwined with the claims asserted in state court.  "A claim is inextricably intertwined if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Id*. (citations omitted).

[4] The Court will not address Defendants' remaining (alternative) arguments, except to note that a grant of the motion thereon would be without prejudice, and leave to amend the Complaint would be granted.